IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Michael Johnson (#R-63104), ) | |
| ) | |
| Plaintiff, ) | Case No. 17 CV 50384 |
| ) | |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| Jason Dalke, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The court is in receipt of correspondence from plaintiff in response to the court's order to "show cause" why plaintiff's case should not be dismissed for failure to disclose his prior litigation history [7]. Because the court does not find plaintiff's excuse for this failure acceptable, plaintiff's complaint is dismissed with prejudice. The court also denies plaintiff's motion for attorney representation [5] and motion for service of process [4] as moot. The Clerk of Court is directed to enter final judgment. This case is closed.

## STATEMENT

Plaintiff Michael Johnson, a prisoner confined at the Dixon Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was subjected to unconstitutional conditions of confinement in the prison. On January 16, 2018, the court granted plaintiff's application to proceed *in forma pauperis* and further ordered plaintiff to show cause in writing why the court should not summarily dismiss his action on preliminary review in light of plaintiff's failure to disclose his complete prior litigation history [6]. On February 12, 2018, the court received a letter from plaintiff advising the court plaintiff "simply made a mistake [and] forgot to put the proper information unintentionally" [7].

The court's civil rights complaint form requires a plaintiff to "**List ALL lawsuits you . . . have filed in any state or federal court in the United States.**" [1] at 5 (emphasis in original). The form complaint also provides:

> **IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.**

1

*Id.* (emphasis in original).

Plaintiff used the court's mandatory form complaint. *See* L.R.81.1. However, despite these admonishments, plaintiff failed to disclose at least three lawsuits. *See Johnson v. Dalke*, Case No. 17 CV 50265 (N.D. Ill.); *Johnson v. Bennett*, Case No. 14 CV 1210 (C.D. Ill.) and *Turner v. Wexford*, Case No. 13 CV 3072 (C.D. Ill.). Additionally, plaintiff did not disclose his suit that was filed contemporaneously with this case – *Johnson v. Haenitsch*, Case No. 17 CV 50383 (N.D. Ill.). Plaintiff was required to identify all of his previously filed cases and list them in his complaint. This task should not have been difficult, as two of the missing four cases were filed at or around the same time as several of the listed cases, another case was filed within weeks of this complaint, and the fourth case was filed contemporaneously with this complaint.

"[C]ourts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (collecting cases). When an inmate fails to fully disclose his litigation history, the court has the discretion to dismiss the case as a sanction. *Id.* at 544 (affirming dismissal for failure of inmate plaintiff to fully disclose his litigation history); *see also Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (a "fraud" on the court warrants "immediate termination of the suit."). Plaintiff's significant litigation history informs the court that plaintiff is experienced in court filing and understands the importance of providing complete information, including information about prior cases. Therefore, the court is not persuaded by plaintiff's excuse that he "simply forgot" to include all of his previous cases. The failure here to disclose prior filings puts the onus on the court to research online databases to determine if any of the prior filings raise issue preclusion or show strikes which could preclude the current filing *in forma pauperis*. The court is compelled to conclude that the severe sanction of dismissal is warranted to send a strong message about the obligation to be truthful, ethical, and forthright during the litigation process. Accordingly, plaintiff's complaint is dismissed with prejudice based on plaintiff's failure to fully disclose his litigation history. Final judgment shall enter.

For the foregoing reasons, the case is summarily dismissed for perpetration of a fraud on the court. But having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1); *Sloan*, 181 F.3d at 859. The case is closed.

Date: 2/15/2018                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)